O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARLE KASEROFF, | ) | CASE NO. ED CV 09-01641 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

      Plaintiff Earle Kaseroff, according to the Administrative Law Judge, has a number of mental impairments: a depressive disorder, social phobia, an avoidant personality disorder, and substance abuse, although the substance abuse apparently is in remission. [AR 11] Still, the Administrative Law Judge found that Plaintiff was not disabled; although he could not perform any of his previous relevant work, he still could perform other work. [AR 17] In this Court, Plaintiff challenges the Administrative Law Judge's denial of disability benefits, primarily on the grounds that the Administrative Law Judge did not consider the opinions of Plaintiff's treating physicians. (As a result of this failure, Plaintiff further asserts, the hypothetical question to the vocational expert was deficient, and thus reliance on the expert's testimony also was deficient. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).) Plaintiff also asserts that the Administrative Law Judge did not give sufficient reasons for discrediting lay testimony.

1 The opinion of a treating physician is given greater weight than the opinion
2 of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001). It is
3 axiomatic, therefore, that the Administrative Law Judge must address a treating physician's
4 opinion. Here, the Administrative Law Judge did not mention at all the opinion of one of
5 Plaintiff's treating physicians, Dr. Israel. Dr. Israel opined, in part, that Plaintiff could not
6 work a 40-hour week without episodes of decompensation, and that Plaintiff was deficient
7 in several other areas as well. [AR 406]

8 Nor did the Administrative Law Judge address the opinion of another treating
9 physician, Dr. Schmid, who gave similar opinions. The Administrative Law Judge did
10 recite Dr. Schmid's findings [AR 14], but he did nothing more than that. To reject the
11 opinion of a treating physician, especially when, as here, there is no other physician who
12 examined the claimant, requires more than simply reciting what the treating physician
13 found; it requires the detailing of specific and legitimate reasons for discrediting the
14 physician's opinion. After all, the treating physician's opinion is entitled to deference even
15 when it is not controlling. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1201-1203 (9th
16 Cir. 2001).

17 In this Court, the Commissioner advances several arguments why the treating
18 physicians' opinions should be rejected. The Commissioner argues that the opinions came
19 on "check-off reports," and such reports may be rejected for lack of explanation. The
20 Commissioner also argues that the Administrative Law Judge rejected an opinion of a
21 benefits health specialist and, since her opinion was similar to that of the treating
22 physicians, the Administrative Law Judge can be assumed to have rejected the treating
23 physicians' opinions on the same grounds. Finally, the Commissioner argues that the
24 treating records indicate that Plaintiff was improving on medications.

25 There are several problems with the Commissioner's arguments, but the first
26 and most obvious one is that they do not appear in the Administrative Law Judge's
27 decision. The Commissioner may not go back and add arguments that the Administrative
28 Law Judge did not address; that robs the administrative adjudication process of any

meaning. Accordingly, this Court can review only the rationales articulated by the decision-maker, not the *post-hoc* reasons advanced in the midst of this lawsuit. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

The second problem is that the so-called check-off forms cannot be rejected so cavalierly. *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004), which the Commissioner relies on, stands for the proposition that the Administrative Law Judge may reject opinions that are brief and conclusory. To do so for a treating physician, however, would require that there be little to nothing in the record indicating that the treating physician had in fact treated the claimant, but that his opinion seemingly came out of nowhere; an opinion does not have to be based on the single page of paper on which it is expressed.

The third problem is that there is no authority for rejecting a treating physician's opinion on the basis that the Administrative Law Judge also rejected the opinion of a non-treating witness. The rationale behind the treating physician rule points the other direction. A treating physician is given deference because his function is to treat, not to create a record and, because of his relationship with his patient, he is assumed to have greater insight into his patient's condition than is true of a physician who just examines a claimant on a one-time basis, or who merely reviews records. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Thus, a treating physician may say the same thing as someone else, and the treating physician's opinion will be more persuasive. To reject the opinion of someone else, therefore, is not necessarily to reject the opinion of a treating physician.

In this case, for example, the Administrative Law Judge rejected the opinion of Sue Scott (whose opinion, the Commissioner now argues, was similar to that of the treating physicians). Although he said he did not ignore the opinion, the Administrative Law Judge said that he did not accept it because Ms. Scott was a "Benefits Health Specialist," who is not an acceptable medical source, and that she misrepresented her professional status when she signed the mental health form. [AR 14] Neither of these

reasons, of course, would apply to the treating physicians, and thus it cannot be said that to reject the opinion of Ms. Scott is also to reject the opinion of the treating physicians.[1]

Plaintiff's argument concerning the testimony of her sister also is well taken. Of the sister's testimony, the Administrative Law Judge said:

> I have also assessed the credibility of evidence given by the claimant's sister. With regard to such evidence, I have determined that the following credibility factors were particularly applicable: whether and to what extent the person may have a pecuniary interest in the outcome of the hearing; whether and to what extent the evidence may be colored by friendship or kinship; and whether and to what extent a person's evidence is inconsistent with or contradicted by prior statements or other evidence in the record. After having considered the credibility factors just mentioned, I now find that such evidence is not fully credible.

[AR 16]

The mere recitation of the factors that the Administrative Law Judge considered is not a sufficient basis for finding a lay witness not credible. Rather, the Administrative Law Judge must give his reasons that are specific and germane to the particular witness. *Bruce v. Astrue*, 557 F.3d 1113 (9th Cir. 2009); *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006). Lay testimony is valid opinion evidence, and it cannot be

---

[1] The Administrative Law Judge said that "[a]ccording to the testimony of the ME, a 'Benefits Health Specialist' does not treat people like the claimant in a clinical capacity. Such a person is, as the job title implies, a lay person who assists patients in obtaining benefits." [AR 14] In fact, however, when asked by the Administrative Law Judge if he knew what a benefits health specialist does, the medical expert said "No, I don't." [AR 37] The Commissioner points to no evidence in the record establishing the role of the "benefits health specialist" in this case.

disregarded simply by identifying the factors considered, without saying what consideration in fact was given to them. And the conclusion, that the sister's evidence "is not fully credible," is not informative; it does not say what parts are credible, and what parts are not. The Administrative Law Judge's error is not harmless, because the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1060.

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: July 1, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE